WALL *et al. v.* PITTMAN, administrator.

The court erred in overruling the demurrer to the petition.

DECEMBER 14, 1916.

Action upon bond. Before Judge Searcy. Butts superior court. September 13, 1915.

C. A. Pittman, as administrator de bonis non upon the estate of Mrs. Mattie Lee Wall, brought suit against Arthur H. Wall as principal, and the United States Fidelity and Guaranty Company as surety, on an administrator's bond, and alleged in substance as follows: Arthur H. Wall was appointed as administrator upon the estate of Mrs. Mattie Lee Wall, deceased, and executed bond as such in November, 1912. Application was made by Wall to sell certain lands belonging to the estate of the intestate, and leave was duly granted to sell the lands, which were advertised for the first Tuesday in January, 1913. On the last-named date the lands, consisting of 154 acres, were duly exposed to sale by Wall as administrator, and were bid off by R. C. Thomas, he being the highest bidder, for $39 per acre. Wall as administrator failed to collect the amount of the bid from Thomas, or to make any effort to collect it, or to offer the land for sale at the bidder's risk. A. F. White, a bidder at the sale, bid $38 per acre for the lands, and he was and is perfectly solvent and able to have paid the sum bid for the land. Wall, administrator, obtained R. C. Thomas to bid at the sale for him, and this is why the bid was not complied with, and no effort made to have the amount of it paid. On the first Monday in September, 1913, an order was made by the court of ordinary, declaring the letters of administration issued to Wall revoked, which resulted in his removal as administrator upon the alleged grounds of his having committed waste, etc. On the last-named date the plain-

tiff was duly appointed and qualified as administrator de bonis non upon the estate of Mrs. Wall. On account of the defendant's failure to make the money from the sale of the land, or to resell it, the plaintiff obtained an order to sell it, and, after being duly advertised, it was sold on the first Tuesday in December, 1913, and brought only $26 per acre. It was exposed for sale by the sheriff of the county as auctioneer for the plaintiff, before a large crowd, and everything was as favorable to the sale as it was possible to obtain. The estate the plaintiff represents as administrator suffered a loss and was damaged $13 per acre on 154 acres, on account of the negligence of the defendant, or a total loss of $2002, and the further sum of $23 costs (an itemized bill of which was set forth) paid the ordinary on the proceedings to remove the defendant as administrator, and other necessary expenses to sell the land, made necessary on account of the negligence of the defendant. On November 8, 1912, the defendant executed a bond to the ordinary of the county in the sum of $7500, for the faithful discharge of his duties as administrator in the terms of the law, with the United States Fidelity and Guaranty Company, of Baltimore, Md., as security. The intestate's estate has been damaged by the defendant, by his conduct above outlined, in the sum of $2025, for which amount the plaintiff prays judgment, with interest from the first Tuesday in January, 1913.

By an amendment the plaintiff alleged that Wall as former administrator entered into an agreement with R. C. Thomas, whereby Thomas was to bid on the land for Wall, and that there should not be any liability on Thomas in the event that the land should he knocked off to him, but that the liability was to be on Wall. At the time Wall had Thomas to bid on the land he was insolvent, and has been so since; and Wall did not intend to comply with the bid, unless he was able to sell the land at private sale for a profit. This conduct of Wall was without regard to the interest of the estate he represented, and was without any intention of complying with the bid that he had Thomas to make for him; and as administrator, through his unfaithfulness to his duty, he negligently allowed the lands to depreciate in value by his failure to sell as the law directs.

Both defendants filed general and special demurrers. The court overruled the general demurrers, and sustained one of the special

demurrers as to costs in the court of ordinary. The defendants excepted to the overruling of the general demurrer.

*O. M. Duke* and *Ryals & Anderson,* for plaintiffs in error.

*C. L. Redman,* contra.

HILL, J. (After stating the foregoing facts.)

Did the petition make a case against the defendants? We think not. The petition is too vague and indefinite as to set out a cause of action. If the present administrator is proceeding on the theory that the first sale was a valid one, and he is seeking to hold the purchaser responsible for his bid, the reply is that the first administrator could not be a purchaser at his own sale, and the allegations of the petition allege that he was such purchaser. It is not a case where the second administrator is seeking to sell the land with notice to the first purchaser that the land will be sold subject to his bid. But it is based upon the allegation that the act of the defendant Wall as a former administrator, in purchasing the land through Thomas, was without regard to the interest of the estate he represented, and that he did not comply with his bid, and was negligent in allowing "the said lands to depreciate in value by his failure to sell same as the law directs." If the plaintiff could recover at all under the petition, it is on the basis of the first being a valid sale. The allegations of the petition are not sufficient to show a valid sale, but on the contrary show a void sale, which has not been ratified by any one authorized to ratify. We do not think that the general allegations of the petition, as set out above, are sufficient to support an action against the first administrator or his sureties. These allegations negative the idea of a valid sale, and the plaintiff seeks to hold the former administrator liable on the allegation that he did purchase at his own sale and failed to comply with the bid, and in allowing the land to depreciate in value before the second sale. The allegations of the petition are not sufficient to authorize a recovery on the basis of a depreciation of the value of the land between the first and second sales, as loosely set out in the petition. It appears from the petition that after his appointment the present administrator received from the former administrator possession of the land, procured a second order to sell, and did sell at a second public sale for a less price than was offered at the first sale. It can not be said that this act on the part of the second administrator amounts to a ratification

of a voidable sale; for the administrator could not thus ratify the voidable sale for the heirs at law, or recover on the basis set out in the petition.

Under the vague and indefinite allegations as they appear in the petition, we think the court erred in overruling the general demurrer.               *Judgment reversed.   All the Justices concur.*